1  Thomas McAvity, WSBA 35197
   Northwest Debt Relief Law Firm
2  2225 NE Alberta, Suite A
   Portland OR 97211
3  503.860.6868

4

5

6

7

8

9  UNITED STATES DISTRICT COURT
   FOR THE EASTERN DISTRICT OF WASHINGTON

10 ROBERT WEGNER and
   BRANDEE WEGNER, a marital community,    Case No. CV-12-5168-RMP
11
12      Plaintiff

13 v.
                                            COMPLAINT
14 MIDLAND CREDIT MANAGEMENT, INC.,         AND DEMAND FOR JURY TRIAL
   a Kansas corporation,
15
        Defendant.
16

17

18                           I. INTRODUCTION

19                                 1.

20      This is an action for damages brought by an individual consumer for Defendant's violations

21 of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.(hereinafter "FDCPA"), the

22 Washington Collection Agency Act, Chapter 19.16 RCW (hereinafter "WCAA"), and the

23 Washington Consumer Protection Act, Chapter 19.86 RCW (hereinafter "WCPA").

                            II. JURISDICTION AND VENUE
24

25                                 2.

26      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1331, and

27 supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

28 COMPLAINT                                                          THOMAS MCAVITY
                                                                      2225 NE ALBERTA, STE A
                                                                      PORTLAND OR 97211
                                                                      Tel: 503.860.6868
                                                                      Facsimile: 866.241.4176

3.

Venue in this District is proper in that Plaintiffs reside in the Eastern District of Washington, the Defendant transacts business here, and the conduct complained of occurred here.

### III. PARTIES

4.

Plaintiffs ROBERT WEGNER and BRANDEE WEGNER (herinafter, "Wegners") are a marital community residing in the Eastern District of Washington, and are "consumers" as that term is defined by 15 U.S.C. §1692a(3).

5.

Upon information and belief, Defendant MIDLAND CREDIT MANAGEMENT, INC., (hereinafter "Defendant Midland") is a Kansas corporation operating from an address of 8875 Aero Drive, Suite 200, San Diego, CA 92123, is an out-of-state collection agency licensed with the Washington State Department of Licensing, and is a "debt collector", as that term is defined by 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

6.

On or around March 10, 2011 and October 7, 2011, a representative of Midland by the name of Nicole communicated with The Palmer Firm, P.C., a law firm representing the Wegners, regarding possible settlement of a debt allegedly owed by Wegner to a third party for a Sears MasterCard account.

7.

Despite having knowledge that Plaintiff was represented by counsel, Defendant Midland, through its agent "James', made a direct telephone call to Plaintiff BRANDEE WEGNER on May 11, 2012, threatening to take legal action against Plaintiffs, falsely indicated that The Palmer Law Firm, P.C. did not represent Plaintiffs, and requested Plaintiffs call Defendant Midland back.

8.

Defendant Midland contacted The Palmer Law Firm, P.C. after May 11, 2012, and did not contact Plaintiffs again regarding this debt.

COMPLAINT

9.

Plaintiffs have suffered actual and statutory damages as a result of Defendant Midland's conduct.

## V. FIRST CLAIM FOR RELIEF

### Violation of §1692c(a)(2) of the Fair Debt Collection Practices Act – Communicating With A Consumer Represented By Counsel

10.

Plaintiffs repeat and reallege paragraphs 1-9 above.

11.

Section 1692c(a) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to that debt and has knowledge of, or can readily ascertain, such attorney's name and address.

12.

Defendant Midland contacted The Palmer Firm, P.C. twice regarding an alleged debt on a Sears MasterCard. The Palmer Firm, P.C. indicated that they represented Plaintiffs regarding that debt, giving them knowledge that Plaintiffs were represented by counsel.

13.

Despite having knowledge that Plaintiffs were represented by counsel with respect to the Sears MasterCard Account, Defendant Midland communicated directly with Plaintiffs by telephone, in violation of §1692c(a)(2) of the FDCPA.

14.

As a result of the foregoing violations of the FDCPA, Defendant Midland is liable Plaintiffs for actual and statutory damages, costs, and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF

### Violation of Chapter 19.16 R.C.W. - The Washington Collection Agency Act

15.

Plaintiffs repeat and reallege paragraphs 1-13 above.

16.

Revised Code of Washington (RCW) 19.16.250(11) prohibits an out-of-state collection agency from communicating with a debtor after notification in writing from an attorney representing such debtor that all further communications relative to a claim should be addressed to the attorney.

17.

COMPLAINT

Defendant Midland was given constructive notice twice that Plaintiffs were represented by legal counsel with respect to the Sears MasterCard debt.

18.

Despite having knowledge that Plaintiffs were represented by legal counsel with respect to the MasterCard debt, Defendant Midland continued to communicate directly with Plaintiff by telephone in violation of RCW 19.16.250(11) of the Washington Collection Agency Act (WCAA).

## VII. THIRD CLAIM FOR RELIEF

### Violation of Chapter 19.86 R.C.W. - The Washington Consumer Protection Act

19.

Plaintiff repeats and realleges paragraphs 1-18 above.

20.

RCW 19.16.440 declares that the commission of an act or practice prohibited by RCW 19.16.250 is an unfair act or practice or unfair method of competition in the conduct of trade or commerce for purposes of the Washington Consumer Protection Act found in Chapter 19.86 RCW.

21.

Defendant Midland committed a per se unfair act or practice in the conduct of trade or commerce that was injurious to the public interest in that it was a part of a pattern of conduct that has a real or substantial potential for repetition and potential to affect many consumers.

22.

As a direct and proximate result of Defendant Midland's conduct, Plaintiffs suffered injury.

23.

As a result of Defendant Midland's violations of the Washington Consumer Protection Act, Defendant Midland is liable to the Plaintiffs for treble damages, costs, and attorneys' fees.

## VIII. DEMAND FOR JURY

24.

Plaintiffs demand a jury trial on all counts and issues so triable.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

COMPLAINT

1. A finding that Defendant Midland violated §1692c(a)(2) of the Fair Debt Collection Practices Act;

2. A finding that Defendant Midland violated the Washington Collection Agency Act, Chapter 19.16 RCW;

3. A finding that Defendant Midland violated the Washington Consumer Protection Agency Act, 19.86 RCW;

4. An award in favor of Plaintiffs for damages, including, but not limited to:
   a. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);
   b. Stautory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);
   c. Treble damages pursuant to R.C.W. 19.86.090;
   d. Attorneys' fees and costs of suit;
   e. All other general and special damages as may be proven.

5. An award of such other relief as the Court may deem just and equitable.

DATED this 27 day of November, 2012.

Thomas McAvity, WSBA#
Attorney for Plaintiff

STATE OF WASHINGTON )
                    ) ss..
COUNTY OF FRANKLIN  )

I, Robert Wegner, being first duly sworn on oath, deposes and says: That he is a plaintiff therein, that he has read the above and foregoing Complaint, knows the contents thereof and believes the same to be true and correct.

Robert Wegner

COMPLAINT

THOMAS MCAVITY
2225 NE ALBERTA, STE A
PORTLAND OR 97211
Tel: 503.860.6868
Facsimile: 866.241.4176

SUBSCRIBED AND SWORN to before me this 27th day of November, 2012.

Printed Name: Wendy K. Bitton
NOTARY PUBLIC in and for the State of Washington.
My commission expires: 6-15-14

STATE OF WASHINGTON )
                    ) ss..
COUNTY OF FRANKLIN  )

I, Brandee Wegner, being first duly sworn on oath, deposed and says: That she is a plaintiff therein, that she has read the above and foregoing Complaint, knows the contents thereof and believes the same to be true and correct.

Brandee Wegner

SUBSCRIBED AND SWORN to before me this 27th day of November, 2012.

Printed Name: Wendy K. Bitton
NOTARY PUBLIC in and for the State of Washington.
My commission expires: 6-15-14

COMPLAINT

THOMAS MCAVITY
2225 NE ALBERTA, STE A
PORTLAND OR 97211
Tel: 503.860.6868
Facsimile: 866.241.4176



